# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**WILMA KPOHANU,**

    **Petitioner,**

v.

**UNITED STATES OF AMERICA,**

    **Respondent.**

**CASE NO. 2:11-cv-903**
**CRIM. NO. 2:05-cr-250**
**JUDGE GREGORY L. FROST**
**MAGISTRATE JUDGE KEMP**

## OPINION AND ORDER

On April 23, 2012, the Matistrate Judge issued a *Report and Recommendation* pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, recommending that the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 be dismissed. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. For the reasons that follow, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**. Petitioner's request for an evidentiary hearing is **DENIED**.

Petitioner objects to the Magistrate Judge's recommendation of dismissal. She first argues that her ineffective assistance of counsel claims need not have been brought on direct appeal and therefore were not procedurally defaulted. This objection does not raise a challenge to the *Report and Recommendation*, because the Magistrate Judge explained that the claims for ineffective assistance of counsel were *not* procedurally defaulted. Instead the Magistrate Judge determined that the third and fourth claims, which did not raise the issue of ineffective assistance of counsel, were procedurally defaulted. Petitioner states that her third and fourth claims were "the by product of" counsel's ineffective performance, apparently arguing that they should be deemed claims of

ineffective assistance of counsel and thereby avoid being procedurally defaulted. However, this argument would fail because, as the *Report and Recommendation* noted, procedural default aside, the third and fourth were meritless for the same reasons as the first two claims. Petitioner also asserts that she has made a prima facie case that her ninety-seven month sentence was a direct result of constitutional deprivations. However, she provides no facts or argument to support that assertion, nor does she challenge the *Report and Recommendation*'s summary of the law regarding the Sixth Amendment's impact on the Federal Sentencing Guidelines.

In her motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255, petitioner argued that her counsel was ineffective for failing to point out that her sentencing range was improperly enhanced under the Sentencing Guidelines because the facts supporting those enhancements were not submitted to a jury or admitted by petitioner. However, as discussed in the Magistrate Judge's *Report and Recommendation*, the law does not require facts supporting various sentencing ranges under the Federal Sentencing Guidelines to be submitted to a jury or admitted by petitioner. Following the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), when "a district court understands that the [Federal Sentencing] Guidelines are only advisory, judicial fact-finding done by the preponderance of the evidence is permissible." *U.S. v. Sexton*, 512 F.3d 326, 330 (6th Cir. 2008). Here the jury convicted petitioner of one count of health-care fraud in violation of 18 U.S.C. § 1347 and two counts of making false health-care statements in violation of 18 U.S.C. § 1035. There is no challenge to those convictions. Accordingly, because the Guidelines are advisory, the crucial question is whether the penalties imposed exceeded the maximum statutory penalties set by the statutes of conviction. *U.S. v. Sexton*, 512 F.3d at 330; *see also U.S. v. Cheney*, 299 Fed. Appx. 479, 480-81, 2008 WL 4691798,*1-2 (6th Cir. 2008). They

did not. Accordingly, petitioner's sentence was not imposed contrary to the Sixth Amendment right to a jury trial, and counsel was not ineffective for failing to argue that it was. There is no basis for holding an evidentiary hearing.

Pursuant to 28 U.S.C. § 636(b)(1) this Court has conducted a *de novo* review of the *Report and Recommendation*. This Court has carefully considered the entire record. For the foregoing reasons and for reasons detailed in the Magistrate Judge's Report and Recommendation, petitioner's objections are **OVERRULED**. The Report and Recommendation is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**. Petitioner's request for an evidentiary hearing is **DENIED**.

**IT IS SO ORDERED.**

/s/
GREGORY L. FROST
United States District Judge